IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 17-cv-01418-RBJ

THOMAS ROMERO,

    Plaintiff,

v.

NANCY BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING DENIAL OF BENEFITS

This matter is before the Court on review of the Social Security Administration ("SSA") Commissioner's decision denying claimant Thomas Romero's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Jurisdiction is proper under 42 U.S.C. § 405(g). For the reasons explained below, the Court AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

This appeal is based upon the administrative record and the parties' briefs. In reviewing a final decision by the Commissioner, the District Court examines the record and determines whether it contains substantial evidence to support the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). A decision is not based on substantial evidence if it is "overwhelmed by other evidence in the record." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988). Substantial evidence requires "more than a scintilla, but less than a preponderance." *Wall v. Astrue*, 561

F.3d 1048, 1052 (10th Cir. 2009). Evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Reversal may also be appropriate if the Commissioner applies an incorrect legal standard or fails to demonstrate that the correct legal standards have been followed. *Winfrey*, 92 F.3d at 1019.

## BACKGROUND

Thomas Romero was born in 1967 and is currently 50 years old. R. 229. He lives in Alamosa, Colorado. R. 621. In the past, Mr. Romero has worked as a heavy truck driver, a tractor trailer driver, and as an automobile sales person. R. 545. He filed for disability in 2013, asserting that in August 2011 his health deteriorated to the extent that he was unable to work when he found out that his wife was having an affair. R. 34–35. Mr. Romero eventually returned to work on April 20, 2014. R. 33. As such, Mr. Romero seeks benefits for a closed period from August 1, 2011 through April 20, 2014. *Id.* Mr. Romero claims that he suffered from the following disabling impairments during the closed period: affective disorder; personality disorder; anxiety; a wrist impairment; a sleep disorder; chest pain; problems with his lumbar and cervical spine; and seizures. R. 15.

### A. <u>Procedural History</u>.

On March 26, 2013, Mr. Romero filed applications for disability insurance benefits and supplemental security income. R. 533. After a hearing, Administrative Law Judge ("ALJ") William Musseman issued an unfavorable decision in December 2014. R. 12–24. Mr. Romero filed an appeal with this Court, and his claim was remanded for further proceedings. R. 591–96. The same ALJ conducted a second hearing in June 2016 and again issued an unfavorable decision in August 2016. R. 554–63 (administrative hearing transcript), 533–47 (ALJ decision). The Appeals Council denied Mr. Romero's request for review of the ALJ's second decision,

rendering the ALJ's determination the final decision of the Commissioner for purposes of judicial review. R. 524–27. Mr. Romero then filed a timely appeal in this Court.

**B. The ALJ's Decision.**

The ALJ issued an unfavorable decision after evaluating the evidence according to the SSA's standard five-step process. R. 533–547. First, the ALJ found that Mr. Romero did not engage in substantial gainful activity during the closed period of August 1, 2011 through April 20, 2014. R. 537. At step two, the ALJ found that Mr. Romero had the following severe impairments: affective disorder, anxiety, personality disorder, and a wrist impairment. *Id.* The ALJ also found that Mr. Romero's other claimed impairments—sleep disorder, chest pain, seizures, and problems with his lumbar and cervical spine—were non-severe. *Id.* At step three the ALJ found that none of Mr. Romero's impairments, either individually or in combination, met a Listing. R. 538.

The ALJ then found that during the closed period Mr. Romero had the residual functional capacity ("RFC") to perform the full range of medium work except that he "is limited to no complex tasks defined as SVP 2 or less, unskilled work; no dealing with the general public, [can have only] occasional dealing with coworkers and minimal supervision." R. 541. At step four, the ALJ found that during the closed period Mr. Romero could not have performed any of his past relevant work as a heavy truck driver, tractor trailer driver, or automobile sales person. R. 545. However, at step five the ALJ found that during the closed period there were jobs that existed in significant numbers in the national economy that Mr. Romero could have performed, and that therefore Mr. Romero had not been under a disability. R. 546.

**DISCUSSION**

Mr. Romero raises two issues on appeal. First, he argues that the ALJ erred in his treatment of Dr. James Grant's opinion regarding Mr. Romero's mental limitations. ECF No. 15 at iii. Second, Mr. Romero argues that the ALJ erred by giving more weight to Dr. MaryAnn Wharry's opinion regarding Mr. Romero's limitations than she gave to Dr. Grant's opinion. *Id.* Each argument will be considered in turn.

**A. Dr. James Grant's Opinion.**

Mr. Romero first takes issue with the ALJ's treatment of Dr. Grant's opinion regarding Mr. Romero's mental limitations. ECF No. 15 at 4. Dr. Grant treated Mr. Romero during a two-month period from April 11, 2013 to June 14, 2013. R. 451. Dr. Grant opined that during that period Mr. Romero had moderate to marked limitations in most areas of mental functioning, including the ability to complete normal work weeks without having interruptions, and that Mr. Romero would be off-task for more than 30% of the workweek. R. 452–53. However, Dr. Grant also noted that he was unable to opine about the state of Mr. Romero's mental limitations outside of the two-month period during which he treated Mr. Romero. *Id.*

The ALJ gave Dr. Grant's opinion "very little weight" when making his determination that Mr. Romero was not under a disability during the closed period. R. 543. Mr. Romero argues that because Dr. Grant was a treating physician, the ALJ should have given Dr. Grant's opinion controlling weight. ECF No. 15 at 4; *see* 20 C.F.R. §§ 404.1527, 416.927 (a treating physician is one who has an ongoing treatment relationship with the claimant). While the opinion of a treating source is generally given controlling weight, an ALJ can give less than controlling weight to the treating source's opinions if he "gives good reasons in [the] notice of determination." 20 C.F.R. §§ 404.1527, 416.927. The ALJ's decision "must be sufficiently

specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (referencing Social Security Ruling 96–2p, 1996 WL 374188, at *5).

Here, the ALJ articulated four reasons he gave Dr. Grant's opinion about Mr. Romero's mental limitations "very little weight": (1) Dr. Grant only treated Mr. Romero for two months; (2) Dr. Grant stated that he was not in the position to judge Mr. Romero's condition outside of those two months; (3) Dr. Grant treated Mr. Romero outside of the time period during which Mr. Romero seeks disability and therefore his opinion is inapplicable to Mr. Romero's claim; and (4) around the same time that Dr. Grant treated Mr. Romero, two other doctors treating Mr. Romero reached alternative opinions regarding Mr. Romero's mental limitations. R. 543.

Mr. Romero argues that these reasons are insufficient grounds for giving Dr. Grant's opinion less than controlling weight, and that therefore this Court should reverse or remand the ALJ's decision. I disagree. As a preliminary matter, I acknowledge that the ALJ's third stated rationale—that Dr. Grant treated Mr. Romero outside of the period in which Mr. Romero seeks disability—is factually incorrect and would therefore be inadequate grounds to discredit Dr. Grant's opinion on its own.[1] However, I find that this error is harmless in light of the three other reasons articulated by the ALJ. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1173 (10th Cir. 2012) (factual errors made by the ALJ do not warrant remand if substantial evidence otherwise supports the ALJ's decision). The ALJ's three other reasons for why he assigned Dr. Grant's opinion little weight are sufficient. *See* 20 C.F.R. §§ 404.1527, 416.927. The ALJ noted his specific concerns about Dr. Grant's opinion and cited to evidence in the record that he believed undercut Dr. Grant's opinion. R. 543. For example, the ALJ noted that Dr. Grant's opinion

---

[1] Dr. Grant treated Mr. Romero from April 2013–June 2013, and the closed period covers the time period of August 2011–April 2014. *See* R. 543. Thus, the ALJ was incorrect to declare that Dr. Grant's opinion did not pertain to the relevant time period.

5

regarding Mr. Romero's mental limitations was limited in scope given the short duration of their treatment relationship (two months out of the thirty-two month claimed disability period), and the ALJ also highlighted Dr. Grant's statement that he could not opine as to what Mr. Romero's mental limitations were outside of that two-month period. *Id*. In addition, the ALJ observed that Drs. Dosier and Canfield, who treated Mr. Romero during the same time period in 2013, made findings regarding Mr. Romero's mental limitations that were different than Dr. Grant's findings. *Id.* After evaluating these explanations, I am convinced that the ALJ met his burden of providing "good reason" for not giving Dr. Grant's opinion controlling weight. 20 C.F.R. §§ 404.1527, 416.927. Mr. Romero's mere difference in opinion on how the evidence should have been interpreted is an insufficient basis for remand or reversal. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (reversal or remand appropriate only when the ALJ failed to make decision in accordance with substantial evidence standard). As such, I find that Mr. Romero's first argument must fail.

### B. Dr. Wharry's Opinion.

Mr. Romero next argues that the ALJ erred in assigning more weight to evaluating physician Dr. Wharry's opinion than he assigned to Dr. Grant's opinion. ECF No. 15 at 10. The ALJ gave "substantial weight" to Dr. Wharry's opinion regarding Mr. Romero's mental limitations but, as discussed above, he gave "very little weight" to Dr. Grant's opinion. R. 540, 543. Mr. Romero argues that because Dr. Grant personally examined him whereas Dr. Wharry only reviewed his medical records, Dr. Grant's opinion should be given greater weight. ECF No. 15 at 10. Generally it is true that treating physicians' opinions are accorded more weight than the opinions of evaluating physicians, but as noted above, an ALJ is entitled to assign different weights to medical source opinions as long as the ALJ provides good reasons for doing so. *See*

*Watkins*, 350 F.3d at 1300. The ALJ did precisely that here. The ALJ sufficiently explained the reasons why he determined that Dr. Grant's opinion regarding Mr. Romero's mental limitations was entitled to little weight. R. 543. Additionally, the ALJ explained that he accorded substantial weight to Dr. Wharry's opinion because it is supported by the medical record as a whole, and specifically by Exhibits 3F and 9F; it is supported by Mr. Romero's testimony regarding his functional abilities; and because it takes into account all of Mr. Romero's subjective symptoms. R. 540, 543.

Mr. Romero argues that these explanations are inadequate. ECF No. 15 at 11–12. He argues that that the ALJ's finding that Dr. Wharry adequately considered plaintiff's subjective symptoms is flawed because "the ALJ did not explain what he meant by that." ECF No. 15 at 11. He also argues that the ALJ failed to explain "how Dr. Wharry's opinion is supported by the medical file." *Id.* at 12. However, I find that the ALJ sufficiently articulated his treatment of Dr. Wharry's opinion even if the ALJ didn't elaborate at length regarding his rationale. The Tenth Circuit has instructed that a court should generally "take a lower tribunal at its word when it declares that it has considered a matter." *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007). Based upon the ALJ's demonstrated assessment of the record and the fact that the ALJ indeed provided three specific reasons for why he found Dr. Wharry's opinion to be credible, I take the ALJ at his word and deny Mr. Romero's request to require the ALJ to provide lengthier explanations. As such, I reject Mr. Romero's second argument as well.

## ORDER

Because substantial evidence supports the ALJ's determination that Mr. Romero was not disabled during the closed period, I AFFIRM the Commission's order denying disability insurance benefits and supplemental security income to Mr. Romero.

DATED this 30th day of April, 2018.

BY THE COURT:

_R. Brooke Jackson_
R. Brooke Jackson
United States District Judge